**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**In Re:**

**CARLOS SAO**

                                             **CASE NO.: 20-19766-PDR**

**Debtor.**                                    **CHAPTER 13**

_____/

**<u>AMENDED OBJECTION TO CHAPTER 13 PLAN</u>**

      Deutsche Bank National Trust Company, as certificate trustee on behalf of BOSCO Credit II Trust Series 2010-1 ("Creditor") by and through its undersigned attorney, objects to the Chapter 13 Plan (the "Plan") (Document No. 13) filed by the Debtor, and states as grounds therefore:

      1.      Creditor holds the Promissory Note and Mortgage secured by the real property known as 1531 71 Terrace, Hollywood, FL 33024 (the "Property").  The Mortgage is recorded in Official Records Book 43510, Page 1260, of the Public Records of Broward County, Florida (the "Mortgage").

      2.      Creditor's foreclosure sale scheduled for September 9, 2020 was canceled as a result of the filing of the Debtor's Bankruptcy Petition.

      3.      First and foremost, the Plan was not signed by the Debtor or Debtor's Counsel.

      4.      The total debt to owed to Creditor as of the date of the Petition was approximately $131,311.82.  The arrearage owed to Creditor as of the date of the Petition was approximately $131,311.82.

5.      Creditor obtained a Final Judgment of Foreclosure on August 5, 2020 in the amount of $131,233.02 plus post-judgment interest and advances.

6.      The Mortgage matures during the course of the Chapter 13 Plan; thus, the Plan must reflect a total payoff to Creditor during the course of the Plan. It does not.

7.      The Plan proposes a 60-month plan, yet the arrears set forth in Section III(A)(1) show Creditor will not be made whole at the end of the plan.  This will not result in payment of the loan in full.

8.      The Plan indicates that escrow is included in the payments proposed under the Plan, but Creditor's second mortgage has not required escrow. Upon information and belief, the first mortgage requires escrow. Thus, the Plan does not accurately reflect Debtor's obligations to Creditor.

9.      The Plan also does not provide for any interest on the arrears owed or corporate advances which may be owed by Debtor, which does not adequately protect creditor.

10.     The Plan is not a feasible Plan designed to cure the Debtor's default, nor does the Plan adequately protect creditor.

11.     Creditor reserves the right to supplement this objection in the future.

<div style="margin-left:40%">

Bowen Quinn, P.A.
25400 US Hwy 19 N, Suite 150
Clearwater, FL 33763
Phone: 727-474-9603
Fax: 727-474-9583
eservice@bowenquinn.com
kmiller@bowenquinn.com

By:  /s/ Erin M. Rose Quinn
Erin M. Rose Quinn, Esq.
Florida Bar Number 64446

</div>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Objection to Chapter 13 Plan was provided by electronic and/or standard first class mail this 4th day of January, 2021 to the parties on the attached service list.

Bowen Quinn, P.A.
25400 US Hwy 19 N, Suite 150
Clearwater, FL 33763
Phone: 727-474-9603
Fax: 727-474-9583
equinn@bowenquinn.com
kmiller@bowenquinn.com

By:  /s/ Erin M. Rose Quinn
Erin M. Rose Quinn, Esq.
Florida Bar Number 64446

## <u>SERVICE LIST</u>

Carlos Sao
1531 W 71 Terrace
Hollywood, FL 33024

Anthony Rodriguez, Esq.
1840 W 49th Street, Suite 307
Hialeah, FL 33012

Robin R. Weiner, Trustee
P.O. Box 559007
Fort Lauderdale, FL  33355

Office of the U.S. Trustee
51 SW 1st Ave., Suite 1204
Miami, FL 33130